### THE STATE OF TEXAS v. E. J. MANTOOTH.

Decided February 2, 1899.

**Pleading in Suit for Taxes.**

A petition in an action for the recovery of taxes assessed on real property against the unknown owners and the foreclosure of a lien thereon for their payment, containing the general averments that defendants are indebted to the State and county for the taxes which are a lien upon the land, is demurable for failure to allege that defendants owned the land during the time for which the assessments were made or ever at any time owned it.

ERROR from Angelina. Tried below before Hon. TOM C. DAVIS.

*M. M. Crane,* Attorney-General, and *T. A. Fuller,* for the State.

*Mantooth & Townsend,* for defendants in error.

GARRETT, CHIEF JUSTICE.—This action was brought by the State of Texas against the defendants in error, E. J. Mantooth and W. J. Townsend, for the recovery of taxes assessed for the State and county against the unknown owner of 2214 acres of the S. J. Stanley league, situated in Angelina County, and the foreclosure of a lien thereon for the payment of said taxes and costs.

The defendants demurred to the petition, urging both a general demurrer and a number of special exceptions. The action was brought under the Act of the Twenty-fourth Legislature for the collection of delinquent taxes, approved April 13, 1895. Gen. Laws 1895, p. 50. Upon hearing the court sustained the demurrers, and counsel for the State having declined to amend, dismissed the cause. We are of the opinion that the general demurrer was properly sustained.

The petition alleges that the defendants are justly indebted to the State of Texas and county of Angelina in the sum of $160.82 on account of taxes, interest, and costs, which are itemized; and that the taxes were "duly and legally levied and assessed in pursuance with the Constitution and laws, and that said several sums of money are long since past due and payable, and though often requested, the defendants have wholly failed and refused to pay the same or any part thereof." It was further averred that the said several sums of money due and owing the State and county aforesaid were a charge and lien upon the north half of the S. J. Stanley league of land situated in Angelina County, referring for full description of the league to the map of said county and the field notes in the surveyor's office. It was also alleged that in pursuance of the act above referred to the Comptroller of Public Accounts had prepared a delinquent tax record, and that it appeared therefrom that land described was embraced therein and had been sold for the taxes of the year 1884, and was delinquent for the taxes levied against the same as itemized and shown by Exhibit "A" attached to the petition. That the Comptroller had sent a duplicate of said delinquent tax record to the county clerk of Angelina County, which that officer certified to the Commissioners Court, which court caused the same to be advertised in a newspaper as required by law, and a copy of the advertisement, marked Exhibit "B," was attached to the petition and referred to. There was a prayer for citation to the defendants and for judgment against them for the sums of money specified with interest and fees, and for a foreclosure of the lien on the land and sale thereof, with writ of possession, and for such further or different relief, general or special, to which the plaintiff, in law or equity, might be entitled.

Exhibit "A" attached to the petition purported to show the "taxes, interest, and costs due and remaining unpaid since the first of January, 1885, upon the following described land."

Then followed the statement showing itemized delinquency for the years 1884, 1888, and 1889 as to land upon the S. J. Stanley original grant of 4428 acres giving the owner as "Unknown," and the number of acres sold as 2214. Exhibit "B," which was the advertisement that ap-

peared in the newspaper, also gave the name of the owner as unknown. There was no averment in the petition that the taxes were assessed against the defendants, or that they were the owners of the land during the years or any of the time for which the land was reported delinquent, and consequently there could be no personal judgment against the defendants for any part of the tax alleged to be due and delinquent. It did not appear from any averment in the petition that the defendants were the owners of the land at the time the suit was brought, or that they were at any time the owners thereof, consequently there was no cause of action shown against the defendants for a foreclosure of the lien upon the land for the taxes. The plaintiff could not maintain a suit for the recovery of the taxes by a foreclosure of the lien and sale of the land without a party defendant; and such party must be a person claiming the land, and not a fictitious person or one not the owner thereof or claiming title thereto. If the name of the owner should be unknown it would then be necessary to make such unknown party defendant according to the practice in such case. The petition contained the general averments that the defendants were indebted to the State of Texas and Angelina County for the taxes which were a lien upon the land; but other averments showed that the taxes were assessed upon the land against an "unknown owner," and there was no allegation that the defendants owned the land during the time for which the assessments were made, or ever at any time owned it. The State can not go into court and have the land sold for the payment of the taxes without a suit filed and prosecuted to judgment with proper parties. No cause of action was shown against the defendants, and the plaintiff having declined to amend, the suit was properly dismissed. We have not considered any of the special demurrers and express no opinion as to their merits. The judgment of the court below will be affirmed.

*Affirmed.*